UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| UNIQUE KENNEDY,<br>　　　　　　Petitioner,<br><br>　　v.<br><br>MARK CAPOZZA, DISTRICT<br>ATTORNEY OF THE COUNTY OF<br>PHILADELPHIA, and THE ATTORNEY<br>GENERAL OF THE STATE OF<br>PENNSYLVANIA<br>　　　　　　Respondents. | :<br>:<br>:<br>: 　　No. 2:20-cv-02438<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

_____

## **O R D E R**

**AND NOW**, this 7th day of January, 2021, upon consideration of Petitioner's Motion to Stay and Hold in Abeyance, ECF No. 1; the Response thereto noting the Respondents do not oppose the motion, ECF No. 9; the Report and Recommendation issued by Magistrate Judge Timothy R. Rice on November 16, 2020, ECF No. 12; in the absence of objections to the Report and Recommendation;[1] and for the reasons set forth in the Report and Recommendation, **IT IS ORDERED THAT**:

---

[1] When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 152 (1985). Nevertheless, the United States Court of Appeals for the Third Circuit has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987), *writ denied* 484 U.S. 837 (1987). "When no objections are filed, the district court need only review the record for plain error or manifest injustice." *Harper v. Sullivan*, No. 89-4272, 1991 U.S. Dist. LEXIS 2168, at *2 n.3 (E.D. Pa. Feb. 22, 1991); *see also Hill v. Barnacle*, No. 15-3815, 2016 U.S. App. LEXIS 12370, at *16-17 (3d Cir. 2016) (holding that even when objections are filed, district courts "are not required to make any separate findings or conclusions when reviewing a Magistrate Judge's recommendation de novo under 28 U.S.C. § 636(b)"); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (explaining that in the absence of a timely objection, the court should review the magistrate judge's report and

1. The Report and Recommendation, ECF No. 12, is **ADOPTED**.

2. The Petition for Writ of Habeas Corpus, ECF No. 1, is **STAYED** and held in **ABEYANCE**.

3. Petitioner's Motion Notifying the Court as to the Status of Petitioner's State Court Litigation, ECF No. 4, is **DISMISSED**.[2]

4. Petitioner shall notify this Court within thirty (30) days following the conclusion of his state court proceedings. If Petitioner does not timely inform this Court of the conclusion of his state court proceedings, this stay and abeyance order will be vacated and his petition will be dismissed without prejudice.

5. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

recommendation for clear error). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

[2] Incorrectly titled as a motion, this filing is in fact a status report informing this Court as to the status of the ongoing state court litigation. Notwithstanding, the Court considered the information therein when reviewing the Report and Recommendation.